FILED IN CHAMBERS
U.S.D.C ATLANTA

Date: Jun 06 2025

**KEVIN P. WEIMER** , Clerk

By: James Jarvis

Deputy Clerk

# United States District Court

NORTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

v.

Bartholomew Keeton HARRALSON

**CRIMINAL COMPLAINT**

Case Number:  1:25-mj-0564

I, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief.  On or about June 5, 2025 in Fulton County, in the Northern District of Georgia, the defendant did, knowingly and intentionally possess with intent to distribute at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; at least 400 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (fentanyl), a Schedule II controlled substance; at least one kilogram of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance; and at least 500 grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance. All in violation of Title 21, United States Code, Section(s) 841(a), 841(b)(1)(A), and 841(b)(1)(B).

On or about June 5, 2025 in Fulton County, in the Northern District of Georgia, the defendant did knowingly possess, in furtherance of drug trafficking, a Sag Arms 5.56 rifle, an FN57 handgun, a Glock 23 .40 caliber handgun, a Glock 37 handgun, a Taurus .38 Special Revolver, a Glock 23 handgun, an AM-15 handgun, an AM-15 5.56 handgun, an Anderson Manufacturing AM-15 handgun, and an MDLN-PAP M70 AK-47 rifle, in violation of Title 18, United States Code, Section 924(c).

I further state that I am a(n) FBI Special Agent and that this complaint is based on the following facts:

PLEASE SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof.    Yes

*John D. Cordes*

Signature of Complainant
John D. Cordes

Based upon this complaint, this Court finds that there is probable cause to believe that an offense has been committed and that the defendant has committed it. Sworn to me by telephone pursuant to Federal Rule of Criminal Procedure 4.1.

June 6, 2025

Date

at   Atlanta, Georgia

City and State

CHRISTOPHER C. BLY
UNITED STATES MAGISTRATE JUDGE

Name and Title of Judicial Officer

Signature of Judicial Officer

AUSA Thomas M. Forsyth III / 2023R00401 /
thomas.forsyth@usdoj.gov

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, John D. Cordes, a Special Agent with the Federal Bureau of Investigation (FBI), hereby depose and state under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

### Introduction

1.      This affidavit is submitted in support of an application for a criminal complaint against the following person:

      a.  Bartholomew Keeton HARRALSON.

2.      There is probable cause to believe that on or about June 5, 2025, in the Northern District of Georgia, Bartholomew Keeton HARRALSON (referred to hereafter as "HARRALSON"), did knowingly and intentionally possess with intent to distribute the following:

      a.  at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(A);

      b.  at least 400 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (fentanyl), a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(l)(A);

      c.  at least one kilogram of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, pursuant to Title 21, United States Code, Section 841(b)(l)(A); and

1

d. at least 500 grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(B).

3. There is also probable cause to believe that on or about June 5, 2025, in the Northern District of Georgia, Bartholomew Keeton HARRALSON possessed multiple firearms in furtherance of his drug trafficking activities, in violation of Title 18, United States Code, Section 924(c).

### Affiant Background

4. I have been employed as a Special Agent of the FBI since 2022 and am currently assigned to the FBI Atlanta Field Office. Prior to my employment as a Special Agent, I was an Investigative Specialist with the FBI (beginning in 2018) and was assigned to the FBI Washington Field Office in Washington, D.C. While employed by the FBI, I have received training, both formal and informal, in the enforcement of the drug laws, investigation of drug trafficking organizations ("DTOs") and money laundering organizations ("MLOs"), drug recognition and terminology, undercover operations, interviewing techniques, financial/money laundering investigations, and the use of electronic surveillance. I have also investigated a variety of violations of federal criminal law, including matters related to national security laws, like export violations, theft of trade secrets, economic espionage, and espionage. Additionally, I have assisted with investigative matters relating to counterterrorism, white-collar fraud violations, and violent crime against officers of the United States government. I have gained experience through training at the FBI and everyday work relating to conducting these types of investigations.

5.      As an FBI Special Agent, I have participated in investigations into the unlawful possession, importation, possession with intent to distribute, and distribution of controlled substances, and associated conspiracies. Through the experience I have gained through working criminal investigations and the additional training I have received, I have become familiar with distribution methods used by narcotics traffickers, including, but not limited to, the methods of importing, packaging, transferring and distributing narcotics, the use of cellular telephones, the use of numerical codes, code words and other methods of avoiding detection by law enforcement, as well as the types and amounts of profits made by narcotics dealers and the methods, language and terms that are used to disguise the source and nature of the profits from their illegal narcotics dealing.

6.      I am also familiar with the ways that drug traffickers conceal, convert, transmit, and transport their drug proceeds, including but not limited to, the use of couriers to transport currency and proceeds, the use of third parties to purchase or hold title to assets, and the use of offshore accounts. I have received training and have conducted numerous analyses of telephone-billing records for telephones used by narcotics traffickers. Consequently, I am familiar with the ways in which drug traffickers operate their illegal enterprises, including, but not limited to, their use of cellular telephones and other electronic devices for voice calls and other electronic communications such as email, text messaging, and communications over end-to-end encrypted mobile applications. I am also familiar with drug traffickers' use of numerical codes and code words to conduct their transactions.

7.      I know, based on my training and experience, that DTOs and MLOs routinely utilize several other operational techniques, which are designed and

3

implemented to achieve two goals: first, the successful facilitation of the organization's illegal activities which consists of the transportation and distribution of controlled substances and the subsequent collection of the proceeds of that illegal activity; and second, minimizing the exposure of organization members (particularly those operating in management roles) from investigation and prosecution by law enforcement.

8.    From my training and experience, I know that it is common for drug traffickers to carry firearms with them for personal protection as they engaged in drug trafficking and money laundering activities with others. I also know that firearms and other weapons are commonly kept in the physical locations in which illegal drugs are stored, for protection of the drugs themselves and of those responsible for the drugs.

### Sources of Information

9.    The facts and information in this affidavit are based in part on my own personal knowledge of this case and my background as a law enforcement officer (including as an FBI Special Agent), as well as information provided to me by other law enforcement officers.

10.    Because this affidavit is being submitted for the limited purpose of establishing probable cause for a criminal complaint, I have not included every fact known to me concerning this investigation. Rather, I have set forth only those facts necessary to establish the required basis for a criminal complaint.

### Probable Cause

11.    At approximately 6:00 a.m. on June 5, 2025, FBI Atlanta executed federal search warrant 1:25-mc-0124 (signed on June 4, 2025 by the Honorable

Christopher C. Bly, United States Magistrate Judge for the Northern District of Georgia) on 122 Wolf Tail Court, Atlanta, Georgia 30349 (referred to hereafter as "122 Wolf Tail Court"). Based on previous surveillance, FBI knew 122 Wolf Tail Court to be HARRALSON's residence.

12. After Agents called for occupants of 122 Wolf Tail Court to come out, the FBI breached the front door. Agents saw HARRALSON appear on the second floor, walking from the area of the master bedroom and determined that HARRALSON was the only person present at 122 Wolf Tail Court. Directly attached to the master bedroom are the master bathroom and master closet, to which HARRALSON had direct access. In 122 Wolf Tail Court, Agents found an estimated 400,000 pressed pills (including at least 500 grams of methamphetamine), one kilogram of suspected fentanyl, an estimated nine kilograms of suspected heroin, and an estimated three kilograms of suspected cocaine. Each of these substances were identified by positive field tests for their respective substances from samples of the seized drugs.

13. In close proximity to the portion of these controlled substances in the master bedroom, bathroom, and closet, Agents found a Sag Arms 5.56 rifle, an MDLN-PAP M70 AK-47 rifle, an FN57 handgun, a Glock 23 .40 caliber handgun, a Glock 37 handgun, a Taurus .38 Special revolver, a Glock 23 handgun, an AM-15 handgun, an AM-15 5.56 handgun, and an Anderson Manufacturing AM-15 handgun, several magazines (including two drum magazines), and a significant amount of ammunition.

14.    Based on my training and experience, I believe HARRALSON possessed these weapons to protect the drugs and drug proceeds within 122 Wolf Tail Court, in furtherance of his drug trafficking activities.

15.    In addition to the drugs and guns found in 122 Wolf Tail Court, Agents found two ballistic vests, a money counting machine, and an estimated $100,000 in U.S. currency.

## CONCLUSION

16.    Based on the foregoing, my training and experience, and information obtained through the investigation to date, I respectfully submit there is probable cause to believe that Bartholomew Keeton HARRALSON has committed violations of Title 21, United States Codes, Sections 841(a), 841(b)(1)(A), 841(b)(1)(B), as well as Title 18, United States Codes, Section 924(c).

**END OF AFFIDAVIT**