FILED IN OPEN COURT
U.S.D.C. - Atlanta

JUN 11 2025

KEVIN P. WEIMER, Clerk
By: [signature] Deputy Clerk



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

BARTHOLOMEW KEETON HARRALSON

Criminal Action No.
1:25-CR-00258

### Government's Motion for Detention

The United States of America, by counsel, Theodore S. Hertzberg, United States Attorney, and Thomas M. Forsyth, III, Assistant United States Attorney for the Northern District of Georgia, moves for detention under 18 U.S.C. §§ 3142(e) and (f).

### 1. Eligibility of Case

This case is eligible for a detention order because this case involves:

An offense having a maximum sentence of life imprisonment or death;

Any felony that is not otherwise a crime of violence but which involves the possession/use of a firearm, destructive device, or any other dangerous weapon.

A serious risk the Defendant will flee;

A serious risk the Defendant will obstruct or attempt to obstruct justice.

### 2. Reason for Detention

The Court should detain the Defendant because there are no conditions of release that will reasonably assure the safety of any other person and the community, or that will reasonably assure the appearance of the person as

required. Specifically, on June 5, 2025, law enforcement executed federal search warrants at two properties owned by the Defendant—his residence in Atlanta, Georgia, and a vacation rental property in Douglasville, Georgia.

The Defendant's Atlanta Residence

At his Atlanta residence where the Defendant was present and the sole occupant of the home, law enforcement found an estimated 56.57 kilograms of suspected fentanyl, an estimated 84.47 kilograms of suspected methamphetamine, an estimated 9.97 kilograms of suspected heroin, an estimated 4.05 kilograms of suspected cocaine, and an estimated 31.91 kilograms of marijuana. The fentanyl, methamphetamine, heroin, and cocaine were found in the form of powders and hundreds of thousands of pressed pills. Law enforcement also found two ballistic vests (body armor, including one with plates to withstand higher-caliber ammunition), a vacuum sealer and bags, a 25-kilogram bag of Firmapress binding agent (commonly used to press illicit pills), a money counting machine, and approximately $145,000 in cash.

Near the drugs, law enforcement found 9 firearms (long guns and handguns), one of which functioned as a machine gun with the addition of a Glock "switch," one of which was ready to attach a nearby silencer/suppressor, and one of which is reported stolen. These firearms were clearly intended to protect the Defendant's drug product and drug proceeds. Moreover, as a felon (convicted of the offenses listed below), the Defendant is prohibited from possessing any firearms:

 a) Aggravated Kidnapping, on or about December 10, 1999, in the Miami-Dade Circuit Court (Florida),

2

b) Aggravated Assault with a Firearm, on or about December 10, 1999, in the Miami-Dade Circuit Court (Florida),

c) Use of a Firearm in Committing a Felony, on or about December 10, 1999, in the Miami-Dade Circuit Court (Florida),

d) Possession of Cocaine, on or about April 25, 2002, in the Miami-Dade Circuit Court (Florida),

e) Cocaine Sale, on or about December 23, 2002, in the Miami-Dade Circuit Court (Florida),

f) Burglary, on or about August 19, 2004, in the Superior Court of Rockdale County, Georgia, and

g) Possession of Cocaine, on or about March 27, 2009, in the Superior Court of DeKalb County, Georgia,

In addition to the drugs and guns found in his home, agents found a book in the Defendant's bedroom titled, "How to Avoid Federal Drug Conspiracy & Firearms Charges."

Machine Shop/Vacation Rental Property in Douglasville

The Defendant owns and actively rents the residence, pool, and pool house in Douglasville as a vacation rental through sites like Airbnb. However, behind and to the side of the main residence is a 1,200-square-foot machine shop/warehouse. Inside the machine shop, law enforcement found two large pill press machines (weighing hundreds of pounds each and together capable of pressing a combined up to 25,000 pills per hour), as well as three hydraulic presses used to form kilogram-sized bricks of narcotics. Law enforcement also found an estimated 37.90 kilograms of suspected fentanyl, an estimated 13 kilograms of

3

suspected methamphetamine, an estimated 8.01 kilograms of suspected heroin, and an estimated 6.30 kilograms of suspected cocaine. These drugs were found in the form of powders and hundreds of thousands of pills.

The machine shop also stored twenty-five 25-kilogram bags (approximately 1,375 pounds) of Firmapress binding agent used to press pills (matching the bag found in the Defendant's residence), along with 564 punch dies (metal stamps used to put markings on pressed pills). With the drugs, law enforcement found 19 firearms (long guns and handguns, 5 of which were reported stolen), several magazines (including 4 drum magazines), and a significant amount of ammunition. Law Enforcement had seen a vehicle the Defendant had rented at his vacation rental property two days before finding these guns and drugs, and estimate the vehicle (and presumably the Defendant) were there for nearly seven hours that day.

In total, law enforcement seized from the Defendant's properties an estimated 94.47 kilograms of suspected fentanyl, an estimated 97.94 kilograms of suspected methamphetamine, an estimated 17.98 kilograms of suspected heroin, an estimated 10.35 kilograms of suspected cocaine, an estimated 31.91 kilograms of marijuana, 28 firearms (including a machine gun and 6 reportedly stolen firearms), high-capacity magazines, body armor ballistics vests, machines capable of pressing tens of thousands of pills per day, an estimated 650 kilograms of binding agent used to press pills, and approximately $145,000 in cash.

The Defendant was clearly overseeing a large pill pressing operation involving a significant volume of controlled substances and firearms. Because

two milligrams of illicit fentanyl is a potentially lethal dose, the approximately 94 kilograms of fentanyl recovered from the Defendant's properties is enough to potentially kill millions of people.

The United States believes the Defendant is an extreme danger to the community; therefore, the United States respectfully asks this Court to detain him because there are no conditions of release that will reasonably assure the appearance of the Defendant in court and safety of the community.

## 3. Rebuttable Presumption

The United States will invoke the rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community pursuant to 18 U.S.C. § 3142(e)(3). The presumption applies because there is probable cause to believe that the defendant committed:

A drug offense having a maximum term of imprisonment of 10+ year drug offense.

An offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b violation.

The United States will not invoke the rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community pursuant to 18 U.S.C. § 3142(e)(2).

## 4. Time for Detention Hearing

The United States requests the Court immediately conduct the detention hearing.

The United States requests leave of Court to supplement this motion with additional grounds or presumptions for detention.

Dated: June 11, 2025.

Respectfully submitted,

Richard Russell Federal Building
75 Ted Turner Drive S.W., Suite 600
Atlanta, Georgia 30303-3309
Phone: (404) 581-6000

THEODORE S. HERTZBERG
United States Attorney

THOMAS M. FORSYTH, III
Assistant U.S. Attorney
Ga. Bar No. 884145